Babak Hashemi, Esq. (State Bar No. 263494)
**THE LAW OFFICES OF BABAK HASHEMI, ESQ.**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Tel: (949) 464-8529
Fax: (949) 259-4548
Email: BabakHashemiLaw@gmail.com

Attorneys for Plaintiffs
JAMES RUTHERFORD, and
THE ASSOCIATION 4 EQUAL ACCESS.

Ozgun Tumer (SBN 295791)
Omar M. Sharif (SBN 296712)
law@tumersharif.com
Tumer & Sharif
170 E. 17th Street, Suite 208
Costa Mesa, CA 92627
Tel: (949) 287-6901
Fax: (844) 272-0950

Attorneys for Defendant,
Alberto's Mexican Food and
Mardini Real Estate Investments, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, THE ASSOCIATION 4 EQUAL ACCESS;<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTO'S MEXICAN FOOD, a business of unknown form; TABBAA MARDINI REAL ESTATE INVESTMENTS, LLC., a California Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:18-cv-00565-JAK-SHK<br><br>Assigned to: Hon. John A. Kronstadt<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: July 23, 2018<br><br>**UNDER SUBMISSION: NO HEARING** |

-1-

JOINT FRCP RULE 26(f) REPORT

Plaintiffs, JAMES RUTHERFORD, and THE ASSOCIATION 4 EQUAL ACCESS ("Plaintiffs") and Defendants, ALBERTO'S MEXICAN FOOD and TABBAA MARDINI REAL ESTATE INVESTMENTS, LLC. ("Defendants"), respectfully submit this Joint Report (the "Report") pursuant to Federal Rules of Civil Procedure Rule 26(f), and Local Rule 26.

A.  **RULE 26(f) MEETING**

Pursuant to Fed. R. Civ. P. 26(f), the following attorneys met and conferred:

1. Counsel for Plaintiff(s):  Babak Hashemi;
2. Counsel for Defendants:  Ozgun Tumer

B.  **SYNOPSIS**

### i. PLAINTIFFS' STATEMENT OF THE CASE

Plaintiff JAMES RUTHERFORD suffers from spinal stenosis aggravated by a herniated disc.  Plaintiff also suffers from an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects.  As a result of his physical impairments, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting and uses a mobility device, including when necessary, a rollator walker or wheelchair.  At the time of Mr. Rutherford's visits to Defendants' facility and prior to instituting this action, he suffered from a "qualified disability" under the ADA, including those set forth in the complaint.

Plaintiff, RUTHERFORD personally visited the Defendants' facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron."  Specifically, he desired to visit the subject property as a consumer, but experienced difficulty due to Defendant's failure to provide access to the restroom(s).

Independent of the personal desire to have access to this place of public

accommodation free of illegal barriers to access, JAMES RUTHERFORD also acted as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. JAMES RUTHERFORD, in his individual capacity and as a "tester," visited the Business, encountered barriers to access at the Business, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

It is alleged that Defendant TABBAA MARDINI REAL ESTATE INVESTMENTS, LLC., owns the real property located at 251 North Mt. Vernon, Colton, CA 92324 (hereinafter "Subject Property") where ALBERTO'S MEXICAN FOOD, ("BUSINESS") is located. It is alleged that Defendants are liable to Plaintiff(s) for the alleged ADA violations.

The BUSINESS is a facility open to the public, a place of public accommodation, and a business establishment. It is alleged however, that instead of having accessible ADA compliant accommodations on the Subject Property and Business, the following barriers existed in the restrooms: the flush controls were not located on the open side of the water closet in violation of Section 604.6, the centerline of the water closet was approximately 21.6 inches away from the nearest wall in violation of Section 604.2[1]; (3) the restroom door doorknob and the sink faucet controls, both required tight grasping and turning[2].

Mr. Rutherford individually and as a member of the Association 4 Equal Access ("A4EA") seeks damages and injunctive relief originally sought by this Complaint. At the times of PLAINTIFF's visit(s) to Defendant's facility and prior to instituting

---

[1] This section allows for a maximum of 18 inches which makes it is unsafe to try to access the side wall grab bar when the water closet is not located per required specifications

[2] Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 per Section 404.2.7. People who suffer from an arthritic condition in their fingers and hands, such as Plaintiff, find that using this style of doorknob can be very difficult; the restroom sink faucet handles require tight twisting or turning of the wrist in violation of Section 309.4.

this action, he suffered from a "qualified disability" under the ADA, including those set forth in the preceding paragraph.

Plaintiffs allege, there are no compliant, accessible restroom(s) designed and reserved for persons with disabilities in the Business which comply with the ADA guidelines.  Plaintiffs further allege, Defendants have no policy or plan in place to ensure that the accessible restrooms reserved for persons with disabilities were available and/or remain compliant.

Defendants' failure to provide accessible facilities is discriminatory against Plaintiffs. Defendants violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, Plaintiffs seek injunctive relief and the statutory minimum damages award.

### ii. DEFENDANT'S STATEMENT OF THE CASE

Defendant's business is fully accessible to disabled patrons. A Certified access specialist (CASp) inspection is scheduled to reflect ADA compliance. Defendant will seek to dismiss the case based on mootness with a motion for summary judgment.

**C. LEGAL ISSUES**

### i. PLAINTIFF'S ASSERTED LEGAL ISSUES

The principal legal issues are: (1) whether the Defendant(s) are responsible under the law to remove barriers; (2) whether the Plaintiff(s) has standing to seek either damages or injunctive relief; (3) the nature and extent of damages.

### ii. DEFENDANTS' ASSERTED LEGAL ISSUES

The principal legal issue are: (1) whether the Subject Property is ADA compliant (2) Whether Plaintiff has standing to sue in Federal Court.

**D. JURISDICTION**

Parties submit this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, the Unruh Civil Rights Act (the "UCRA"), because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution. Defendants dispute that the Court should exercise supplemental jurisdiction.

### E. DAMAGES

Plaintiff(s) seek a preliminary and permanent injunction enjoining Defendant(s) from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Subject Business associated the Subject real Property; an award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code; an additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

Plaintiff RURTHERFORD claims that he is entitled to the minimum statutory damages for his encounters and deterrence of not less than $8,000.00.

Attorneys fees are sought pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

### E. INSURANCE

Unknown to Plaintiff.

Defendant has no insurance coverage for these claims.

### F. MOTIONS

Plaintiff(s) does not believe it likely that they will seek to add other parties or seek transfer of venue. Plaintiffs intend to conduct an expert led site inspection to

-5-

JOINT FRCP RULE 26(f) REPORT

identify each barrier that would affect his/their type of disability and, then if applicable, amend the complaint pursuant to *Oliver v. Ralphs Grocery Company,* 654 F.3d 903 (9th Cir. 2011), to ensure that the ADA claim reflects his/their intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Plaintiff(s) anticipate filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

Defendant's property now provides full and equal access to all patrons. Defendant believes the federal ADA claims for injunctive relief are now moot and anticipates filing a motion for summary judgment on the issue of mootness.

### G. MANUAL FOR COMPLEX LITIGATION

The Parties do not believe the Manual for Complex Litigation should be used in this case.

### H. STATUS OF DISCOVERY

Parties have not yet engaged in discovery because of ongoing settlement discussions. Plaintiffs have noticed an inspection of the Property and Business; however, have postponed the expert led inspection in order to facilitate settlement discussions.

### I. DISCOVERY PLAN

Plaintiffs: will propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant(s) and to conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

     <u>Disclosures</u>:  The Parties do not seek any changes to the form or requirements for initial disclosures. The parties intend to exchange Initial Disclosure by August 6, 2018.

     <u>Discovery Subjects</u>: Plaintiffs intend to seek discovery related to: (1) the ownership and maintenance of the area surrounding the Business, including the existence of any easements or right of use; (2) lack of accessible parking space and restrooms; (3) history of changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities.

     Defendants: may propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant(s) and to conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

     <u>Disclosures</u>:  The Parties do not seek any changes to the form or requirements for initial disclosures. The parties intend to exchange Initial Disclosure by August 6, 2018.

     <u>Discovery Subjects</u>: Defendants intend to seek discovery related to: (1) if Plaintiff actually visited the business; (2) his likelihood he will return to the subject property.

**J.     SETTLEMENT**

     The parties have engaged in informal settlement discussions; however, Pursuant to Local Rule 16, the Plaintiffs propose to select Settlement Procedure No. 2, and the parties agree to engage in settlement discussions mediated by an Attorney Settlement Officer from this Court's Panel. Parties propose that the deadline for conducting settlement proceedings be set at least 12 weeks after the Scheduling Conference or October 19, 2018.

**M.     TRIAL ESTIMATE**

     The Parties anticipate a jury trial of 3 days.  Plaintiffs anticipate 4-5 witnesses, including an expert to testify at trial.

     The parties request trial be scheduled on March 11, 2019.

**N. TRIAL COUNSEL**

    Plaintiff:    Babak Hashemi

    Defendants:  Ozgun Tumer

**OTHER ISSUES**

    None.

Respectfully submitted,

Dated: July 11, 2018                              LAW OFFICES OF BABAKHASHEMI

                                                      By:/s/ *Babak Hashemi*
                                                            Babak Hashemi, Esq.
                                                            *Attorneys for Plaintiffs,*
                                                            James Rutherford
                                                            the Association 4 Equal Access.


                                                            TUMER & SHARIF

                                                            By:   /s/Ozgun Tumer
                                                                 Ozgun Tumer
                                                           Attorney for Defendant
                                                           Alberto's Mexican Food TABBAA
                                                           MARDINI REAL ESTATE
                                                           INVESTMENTS, LLC

Case 5:18-cv-00565-JAK-SHK   Document 25   Filed 07/11/18   Page 9 of 10   Page ID #:158

**JUDGE JOHN A. KRONSTADT**
EXHIBIT A: SCHEDULE OF PRTRIAL AND TRIAL DATES FOR CIVIL CASES

| Case No: | 5:CV-18-00314-JAK-SP |
|---|---|
| Case Name: | RUTHERFORD v. ALBERTO'S MEXICAN FOOD. et al. |

| Hearings: | Plaintiffs' Request | Defendant's Request | Court's Order |
|---|---|---|---|
| _X__Jury Trial<br>____Court Trial<br>(**Tuesday at 9:00 a.m**.)<br><br>Duration Estimate:<br>__3_Days | Jury Trial<br>March 11, 2019<br>3 Days | Jury Trial<br>March 11, 2019<br>3 Days | |
| Final Pretrial Conference and & Status Conference re Disputed Exhibits:<br>(**Monday-at 3:00 p.m.: Two weeks before Trial**) | February 25, 2019 | February 25, 2019 | |

| **Deadline for Bench Trials Only:** | Weeks Before FPTC | Plaintiffs' Request | Defendant's Request | Court's Order |
|---|---|---|---|---|
| Anticipated Ruling to be Issued by Court | Same Date | | | |
| Last Date to File Objections to Direct Testimony Declarations | 2 | | | |
| Last Date to File Direct Testimony Declarations | 3 | | | |
| **Proposed Motion Practice for Motions for Summary Judgment & Motions for Class Certification:** | Weeks Before FPTC | Plaintiffs' Request | Defendant's Request | Court's Order |
| Hearing on Motion | | Jan. 25, 2019 | Jan. 25, 2019 | |
| Reply to Motion | | Jan. 15, 2019 | Jan. 15, 2019 | |
| Response to Motion | | Jan. 4, 2019 | Jan. 4, 2019 | |
| Last day to file Motion | | Dec. 1, 2019 | Dec. 1, 2019 | |

| Deadlines | Weeks Before FPTC | Plaintiffs' Request | Defendant's Request | Court's Order |
|---|---|---|---|---|
| Anticipated Ruling on All Motions | 4 | Feb. 4, 2019 | Feb. 4, 2019 | |
| Last Date to Hearing Motion (Including Discovery motions) | 8 | Jan. 7, 2019 | Jan. 7, 2019 | |
| Last Date to File Motions (Including Discovery motions) | 20 | Oct. 8, 2018 | Oct. 8, 2018 | |
| Expert Discovery Cut-Off | 20 | Oct. 8, 2018 | Oct. 8, 2018 | |
| Expert disclosure (Rebuttal) | 22 | Sept. 24, 2018 | Sept. 24, 2018 | |
| Expert Disclosure (Initial) | 24 | Sept. 10, 2018 | Sept. 10, 2018 | |
| Non-Expert Discovery Cut-Off | 26 | Aug. 27, 2018 | Aug. 27, 2018 | |
| Last Date to Add Parties/Amend Pleadings | | Aug. 31, 2018 | Aug. 31, 2018 | |

| Settlement Procedure Selection: (ADR-12 Form will be completed after Scheduling Conference) | Plaintiffs' Request | Defendant's Request | Court's Order |
|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | 2 | 1 | |
| Last day to conduct Settlement conference/mediation | Oct. 19, 2018 | Oct. 19, 2018 | |
| Notice of Settlement / Joint report re Settlement (10 days before PMSC) | Oct. 10, 2018 | Oct. 10, 2018 | |
| Post Mediation Status Conference: (Monday at 1:30 pm: 14 days after the last day to conduct settlement) | Nov. 5, 2018 | Nov. 5, 2018 | |